UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE SAMUELS,<br><br>    Plaintiff,<br><br>    v.<br><br>CHC FACILITY, et al.,<br><br>    Defendants. | No. 2:18-cv-1107-JAM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California Department of Corrections and Rehabilitation inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court determined that his complaint alleged potentially cognizable Eighth Amendment deliberate indifference to medical needs claims against defendants Battle, Barocio, Shadrick, and Samiinia[1] ("defendants"). ECF No. 16. Defendants have since filed a motion for summary judgment ("motion") wherein they argue that plaintiff failed to administratively exhaust the claims against them. ECF No. 28.

After review of the pleadings and, for the reasons discussed below, the court concludes that defendants' motion should be granted.

/////

/////

---

[1] The docket currently lists this defendant's name as "Seninia." The court will direct that it be changed to reflect the proper spelling.

1

## Legal Standards

### A. Summary Judgment

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National*

*Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

B. <u>Administrative Exhaustion</u>

The Prison Litigation Reform Act of 1995 (hereafter "PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA applies to all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), but a prisoner is only required to exhaust those remedies which are "available." *See Booth v. Churner*, 532 U.S. 731, 736 (2001). "To be available, a remedy must be available as a practical matter; it must be capable of use; at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (citing *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)) (internal quotations omitted).

Dismissal for failure to exhaust should generally be brought and determined by way of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id.* at

1168.  Under this rubric, the defendant bears the burden of demonstrating that administrative remedies were available and that the plaintiff did not exhaust those remedies.  *Id.* at 1172.  If defendant carries this burden, then plaintiff must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  *Id.*  If, however, "a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  *Id.* at 1166.

## Background

Plaintiff alleges that, on February 22, 2018, he met with defendants – all of whom were part of an Interdisciplinary Treatment Team.  ECF No. 12 at 6.  At that time, plaintiff was on single cell status and had been for some time.  *Id.*  Defendants allegedly rescinded that status at the foregoing meeting after concluding that a single cell was no longer medically necessary.  *Id.*  Plaintiff alleges that, as a consequence of losing his single cell status, he was overcome by "depression/anxiety" and attempted suicide by swallowing razor blades and pills.  *Id.*

      A.     Formal Grievance Channel

Defendants state that plaintiff filed only one administrative appeal – Log Number CHCF HC 18001172 ("appeal 18001172")– related to the claims at bar.  ECF No. 28-2 at 4.  That appeal was received on March 26, 2018 and rejected that same day because plaintiff's single cell status had not yet been revoked.  ECF No. 28-4 at 11, 15.  Plaintiff was informed that "issues are not appealable until they happen."  *Id.* at 15.

Plaintiff resubmitted the appeal on April 15, 2018 (after filing this suit) and, on April 16, 2018, officials cancelled the appeal as untimely.  *Id.* at 4-5 ¶ 12, 10.  In the April 16, 2018 cancellation, officials also informed plaintiff that he was still on single cell status and, thus, again appealing an action that had not yet been taken.  *Id.* at 10.  The foregoing cancellation notified plaintiff that, although he could not resubmit the cancelled appeal, he could file a separate appeal challenging the cancellation decision.  *Id.*  Records provide no indication that plaintiff took further action with respect to this cancellation.

/////

/////

Next, plaintiff submitted appeal 18001172 to the Office of Appeals for third level review. ECF No. 28-6 at 8. The appeal was rejected due to its previous cancellation at the institutional level. *Id.* at 7.

B.      Health Care Grievance Channel

Separately, plaintiff submitted appeal 18001172 as a health care grievance. ECF No. 28-5 at 10. It was received on March 15, 2018 and rejected on March 20, 2018. *Id.* In the March 20, 2018 rejection letter, plaintiff was informed that his appeal raised "issues outside the health care jurisdiction." *Id.* at 12. It went on to note that "health care staff does not have the authority to write a chrono for single cell status." *Id.* Finally, the rejection asked plaintiff to "[e]xplain why you believe this issue is within the health care jurisdiction." *Id.* Plaintiff was given thirty days to do so and resubmit his appeal. *Id.* Rather than abiding by those instructions, plaintiff escalated the appeal to the Health Care Correspondence and Appeals Branch. *Id.* at 9. It was rejected on June 11, 2018 for improperly bypassing the institutional review level. *Id.* That rejection directed plaintiff to "[c]omply with the instructions provided in the rejection notice dated March 20, 2018, and submit your health care grievance to your institution's Health Care Grievance office within 30 calendar days." *Id.* Plaintiff took no further action on this health care appeal.

Analysis

Based on the foregoing administrative history, the court concludes that plaintiff did not exhaust his administrative remedies against the defendants before filing this action. Plaintiff failed to abide by the procedural requirements of the grievance process and, as a consequence, never fully exhausted any grievance related to the issues at bar. Additionally, given the filing dates of appeal number 18001172, it was temporally impossible for him to exhaust before he filed this suit on March 6, 2018 (ECF No. 1). His initial grievance was only received on March 26, 2018 – weeks after he filed suit in federal court. ECF No. 28-4 at 11. Thus, prison officials were not afforded a chance to address plaintiff's claims before he filed this suit. Nevertheless, plaintiff raises several arguments in his opposition and the court will address each of them *infra*.

In his opposition, plaintiff contends that the March 26, 2018 rejection of his appeal (described *supra*) was incorrect insofar as his single cell status was stripped from him on

February 22, 2018. ECF No. 35 at 5. The February 22, 2018 meeting, however, resulted only in a recommendation that plaintiff's cell status change. As was noted in the March 20, 2018 rejection of the health care grievance:

> Please note health care staff does not have the authority to write a chrono for single cell status. Single cell status is a custody determination. Health care staff may make a recommendation for a patient-inmate to have temporary single cell status; however, custody must make the final determination through the Institutional Classification Committee process. We suggest you pursue your concerns through the appropriate custody channels.

ECF No. 28-5 at 12. It follows that plaintiff's February 22, 2018 meeting with defendants – none of whom are alleged to sit on the Institutional Classification Committee – did not result in a final decision to revoke his single-cell status. Additionally, in his response to the March 26, 2018 cancellation, plaintiff indicated that he remained, at least for the time being, on single cell status:

> Since I've submitted this 602 I have been discharged from [mental health crisis bed]. I'm on the P.W.C. yard single cell status. However, this does not solve the problem. This single cell is only for 6 mon[ths]. I cannot move forward until this issue is resolved completely.

ECF No. 28-4 at 16. Thus, he cannot claim that officials were incorrect in their assessment that he was attempting to appeal an event that had not yet occurred.

Next, plaintiff argues that officials erred when, on April 16, 2018, they cancelled his appeal as untimely. ECF No. 35 at 5. However, timeliness was only one rationale for cancelling his appeal. Officials also indicated that plaintiff was still on single cell status and, thus, still attempting to appeal an event that had not yet occurred. ECF No. 28-4 at 10. Additionally, there is no indication that plaintiff availed himself of the opportunity to file a separate appeal on the cancellation decision, as the form indicated he could. *Id.*

Finally, plaintiff contends that, with respect to the medical grievance, he was "not only denied a [third level] response but he was threaten[ed] with misuse and/or abuse of [the] appeals process." ECF No. 35 at 7. Based on the foregoing, he contends that he exhausted all "available" remedies. *Id.* But, as noted *supra*, the third level response to plaintiff's medical grievance clearly directed him to "[c]omply with the instructions provided in the rejection notice dated March 20,

7

2018, and submit your health care grievance to your institution's Health Care Grievance office within 30 calendar days." ECF No. 28-5 at 9. There is no indication that he did so and, consequently, he cannot reasonably claim to have exhausted all "available" remedies.

<u>Conclusion</u>

Accordingly, it is ORDERED that the Clerk of Court shall modify the docket to reflect that defendant "Seninia" is properly "Samiinia."

Further**,** for the reasons explained above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment (ECF No. 28) be GRANTED;
2. Plaintiff's claims against them be DISMISSED without prejudice for failure to exhaust administrative remedies; and
3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 8, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE